11-344-cv
McGRX, Inc., DBA McGregor's Medicine on Time v. State of Vermont et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of February, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
RAYMOND J. LOHIER, Jr.
*Circuit Judges.*
ROSLYNN R. MAUSKOPF
*District Judge.*[*]

---

MCGRX, INC., DBA MCGREGOR'S MEDICINE ON TIME,

*Plaintiff-Appellant*,

-v.- 11-344-cv

STATE OF VERMONT, DEPARTMENT OF VERMONT HEALTH ACCESS, PETER SHUMLIN, Governor of the State of Vermont, DOUGLAS A. RACINE, Secretary of the Agency of Human Services, SUSAN BESIO, Director of the Office of Vermont Health Access, NANCY HOGUE, Pharmacy Director for the Department of Vermont Health Access,

*Defendants-Appellees.*

---

[*]Judge Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:     MATTHEW B. BYRNE (Robert F. O'Neill, *on the brief*), Gravel and Shea PC, Burlington, VT.

FOR APPELLEE:      BRIDGET C. ASAY, Assistant Attorney General (William E. Griffin, Assistant Attorney General, *on the brief*), *for* William H. Sorrell, Attorney General for the State of Vermont, Montpelier, VT.

Appeal from the United States District Court for the District of Vermont (Reiss, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the District of Vermont be **AFFIRMED**.

Plaintiff-Appellant McGRX, Inc. appeals from a judgment of the United States District Court for the District of Vermont (Reiss, *J.*), granting, in part, Appellees' motion to dismiss, granting Appellees' motion for abstention under *Younger v. Harris*, 401 U.S. 37 (1971), and denying Appellant's motion to amend its Second Amended Complaint.

We affirm on the limited ground of *Younger* abstention. *Younger* clearly applies here and mandates federal court abstention. Thus, we need not reach the other issues addressed by the district court regarding standing or Appellant's alleged failure to state a claim. *See Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003).

2

*Younger* requires federal courts to abstain if: "(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal . . . claims." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 100-01 (2d Cir. 2004).

Here, it is undisputed that there is a pending state proceeding. Although that proceeding was filed after this federal action, that is no bar to *Younger* abstention as no "proceedings of substance on the merits have taken place in federal court." *See Hicks v. Miranda*, 422 U.S. 332, 349 (1975).

The underlying state action undoubtedly implicates an important state interest. In that action Vermont seeks to remedy consumer fraud allegedly committed by Appellant as well as to protect the financial integrity of its Medicaid program—both important state interests. *See, e.g.*, *Trainor v. Hernandez*, 431 U.S. 434 (1977).

Finally, Appellant will have an adequate opportunity to raise its federal claims in the state action. *Doe v. Conn., Dep't of Health Servs.*, 75 F.3d 81, 86 (2d Cir. 1996). The Vermont state court is more than capable of addressing

3

Appellant's claims under the Americans with Disabilities Act, the Rehabilitation Act, and the Due Process Clause of the Fifth Amendment to the United States Constitution. *Id.; see also, e.g.*, *Charbonneau v. Gorczyk*, 176 Vt. 140 (2003).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**. Appellant's other motions on this appeal are denied as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4